```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

**UNITED STATES OF AMERICA**

**v.**                              CRIMINAL NO. 1:21-00131-002

**SCOTT MEADOWS**


<u>MEMORANDUM OPINION AND ORDER</u>

Pending before the court is defendant's motion to reduce his sentence based upon a reduction in the applicable sentencing guideline.  <u>See</u> ECF No. 202.  On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective.  Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points.  Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect.  Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the

term of imprisonment based on retroactive application of Amendment 821 not be effective until February 1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later.

Pursuant to a Standing Order entered on October 31, 2023, the court, in consultation with the United States Probation Office, designated this defendant for Expedited consideration. By Order entered April 18, 2024, the United States Attorney's Office was directed to file any objection to a sentence reduction for this defendant.  On April 25, 2024, the United States filed its response agreeing with the Probation Office that defendant appeared eligible for a sentence reduction within the amended guideline range of 30 to 37 months and stated that it did not intend to file an objection to a sentence reduction. See ECF No. 206.

At his original sentencing, defendant's sentence was based on a Total Offense Level of 21 and a Criminal History Category of I, with the defendant having a total of 0 criminal history points, for an advisory guideline range of 37 to 46 months. Defendant was sentenced to 41 months of imprisonment, a three-

year term of supervised release, restitution in the amount of $13,140.40, no fine, and a $100 special assessment.

Following the retroactive amendment to the Guidelines, defendant, as a Zero-Point Offender, meets the criteria for a two-level reduction under U.S.S.G. § 4C1.1. Based on a Total Offense Level of 19 and Criminal History Category of I, the defendant's amended advisory guideline range would be 30 to 37 months.

Based on the foregoing, the defendant is eligible for relief pursuant to Amendment 821. Pursuant to U.S.S.G. § 1B1.10(b)(2)(A), the court cannot reduce a defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range, i.e., 30 months. Notwithstanding a defendant's eligibility for relief, the court still retains the discretion to determine whether a sentence should be reduced and the extent of any reduction after considering the factors under 18 U.S.C. § 3553(a).

The court has carefully considered whether a reduction is appropriate under the facts of this case. The court has received and considered the entire record in this case, including the original Presentence Investigation Report (PSI) and addendum thereto, original sentencing documents, and any

3

materials submitted by the parties.  Defendant has had no disciplinary infractions while in the custody of the Bureau of Prisons (BOP) and has taken eight educational courses while incarcerated.  The court has considered the applicable factors under 18 U.S.C. § 3353(a), consistent with 18 U.S.C. § 3582(c)(2), and public safety.

Based on the foregoing considerations, defendant's motion is **GRANTED**.  The court **ORDERS** that defendant's Total Offense Level be reduced from 21 to 19, for a new advisory guideline range of 30 months to 37 months.  It is further **ORDERED** that defendant's previous sentence be reduced to a period of 33 months, with credit for time served to date.  This Order is subject to the prohibition contained within U.S.S.G. §1B1.10(b)(2)(C).  Except as otherwise provided, all provisions of the judgment entered March 23, 2023, shall remain in effect.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to defendant, counsel of record, the United States Attorney, the Federal Public Defender, the United States Marshal for the Southern District of West Virginia, and the United States Probation Office.

**IT IS SO ORDERED** this 12th day of August, 2024.

ENTER: *David A. Faber*
David A. Faber
Senior United States District Judge